IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,950-01






EX PARTE KENT WILLIAM SPROUSE








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 26824CR/A IN THE 40TH JUDICIAL DISTRICT COURT


ELLIS COUNTY






 Per Curiam.


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On February 26, 2004, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure article 37.071, and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Sprouse v. State, No.
AP-74,933 (Tex. Crim. App. Jan. 31, 2007)(not designated for publication).

 Applicant presented twelve allegations in his application challenging the validity of
his conviction and resulting sentence. Although an evidentiary hearing was not held, the trial
judge entered findings of fact and conclusions of law. The trial court recommended that
relief be denied. This Court remanded the application to the trial court for additional findings
of fact and conclusions of law concerning applicant's second and tenth allegations, which
alleged ineffective assistance of trial counsel for failing to repeatedly and zealously seek
funding for a mental health expert to assist counsel at trial, and failing to adequately
investigate and present mitigating evidence.

 Applicant attempted to prove ineffective assistance of trial counsel by requesting
funds for the fees of experts and specialists who, he contended, should have been funded (or
funded more fully) before trial. Specifically, applicant sought: (1) funding for a mental
health or psychiatric expert who would show how she would have assisted counsel as a trial
consultant; (2) funding for an addiction specialist who would help explain or mitigate
applicant's substance-induced psychosis and intoxication; and (3) funding for a mitigation
specialist who would conduct a mitigation investigation on habeas that was more complete
than the pre-trial mitigation investigation.

 Before remand, the trial court denied all three motions. In this Court's first remand
order, we found that the trial court's stated reasons for denying these motions were based on
the trial record and did not consider the nature and purpose of habeas investigations and
expert assistance, which often involve matters outside of the trial record. We ordered the
trial court to reconsider applicant's requests.

 On remand, the trial court granted applicant's motion for a mental health expert. The
trial court did not reconsider the motion for an addiction specialist. The trial court
reconsidered and denied the motion for a mitigation specialist.

 In compliance with this Court's first remand order, the trial court shall reconsider
applicant's motion for an addiction specialist. Before remand, the trial court denied this
motion, stating:

1. It is common knowledge that drug addiction is physically and
psychologically debilitating. An expert saying so would not give the jury any
information which was not already within their knowledge.


2. There is no reasonable expectation that voluntary drug addiction would be
taken as a mitigating factor as opposed to an aggravating factor.


 We observe that the United States Court of Appeals for the Fifth Circuit has held that
evidence of past drug abuse "cuts both ways." See Callins v. Collins, 998 F.2d 269, 278 (5th
Cir. 1993). Applicant contends that counsel's failure to seek funding for an addiction
specialist to help explain or mitigate Applicant's substance-induced psychosis and
intoxication may have constituted ineffective assistance of counsel. In response to the trial
court's order designating issues, trial counsel filed an affidavit stating generally that counsel
did not request "additional" funding for "further" psychiatric or mitigation assistance after
counsel's final funding request for a mitigation specialist was only partially granted. Counsel
have not had an opportunity to explain the reasons they did not move for the assistance of an
addiction specialist. Trial counsel shall be given an opportunity to respond. The trial court
may order an affidavit, deposition, or interrogatories from trial counsel, or it may hold a
hearing. Tex. Code Crim. Proc. art. 11.071, §9(a). The trial court shall reconsider
applicant's motion for the assistance of an addiction specialist.

 In reconsidering and denying applicant's motion for a mitigation specialist, the trial
court found that applicant had not alleged any facts in support of his contention that some
mitigation evidence existed that was not previously investigated by Dr. Goodness. We note,
however, that applicant alleged that no attempt had been made before trial to discover the
identity of, and investigate the medical and psychological history of, applicant's biological
parents. The current record does not reflect whether Dr. Goodness and trial counsel proposed
to investigate, or attempted to investigate, applicant's biological parents before trial, and if
they did not, their reasons. Trial counsel shall be given an opportunity to respond. The trial
court shall reconsider applicant's motion for a mitigation specialist, only to the extent that
the motion proposes to investigate potentially mitigating evidence that was not investigated
before trial.

 Allegations two and ten are remanded to the trial court for further consideration. The
court shall have thirty days from the date this order is issued to provide trial counsel with an
opportunity to respond to the allegations, above, and to reconsider applicant's requests for
the assistance of an addiction specialist and a mitigation specialist in a manner consistent
with this order. Within fifteen days of reconsidering the requests, the trial court shall notify
applicant of its decisions as set forth in Art. 11.071 §3(c), and the clerk shall forward copies
of those decisions to this Court. If the court determines that any of the requests should be
granted in whole or in part, applicant shall have 120 days to supplement his application. The
State shall then have 120 days after applicant files his supplement with the trial court to file
a supplemental answer. The court shall make additional findings and conclusions within
thirty days of the filing of the State's supplemental answer and shall order the clerk to
forward the entire supplemental record to this Court within fifteen days of the date the court
make its additional findings.

 IT IS SO ORDERED THIS THE 11TH DAY OF FEBRUARY, 2009.


Do Not Publish